# IN THE COURT OF APPEALS OF IOWA

No. 17-1913
Filed July 18, 2018

**DONOVAN ARTHUR TRANA,**
    Plaintiff-Appellant,

**vs.**

**SARAH CATHERINE SMITH, THOMAS JOHN SMITH, and OWNERS INSURANCE COMPANY,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

Appeal from the grant of a motion to dismiss. **AFFIRMED.**

Christopher D. Stombaugh of Stombaugh, Smith, & Co., Platteville, Wisconsin, and R. Craig Oppel of Allbee & Barclay, P.C., Muscatine, for appellant.

Brenda K. Wallrichs and James P. Craig of Lederer Weston Craig PLC, Cedar Rapids, for appellees.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Donovan Trana filed a personal injury suit against Sarah Smith, Tom Smith, and Owners Insurance Company after Trana was involved in a car accident with the Smiths' adult son. Trana asserted claims for vicarious liability under Iowa Code section 321.493 (2017) and negligent entrustment. Trana alleged the Smiths were negligent in purchasing a vehicle for their adult son knowing the son had a history of mental illness, traffic violations, and drug addiction. Trana also alleged the Smiths were the constructive owners of the vehicle. The district court granted the defendants' motion to dismiss Trana's claims on the ground the claims were barred by the statute of limitations. Trana timely filed this appeal.

We agree with the district court that Trana's claims are barred by the statute of limitations. The relevant statute of limitations is two years. *See* Iowa Code § 614.1(2). The accident occurred on August 17, 2013, but Trana did not file his petition until August 10, 2017. Controlling authority holds Trana was on inquiry notice of the claims against the parents on the date of the accident and the discovery rule is inapplicable here. *See Hook v. Lippolt*, 755 N.W.2d 514, 523 (Iowa 2008) ("We think an injured party who knows of her injury and its cause must conduct a reasonable investigation of the nature and extent of her legal rights that includes inquiry into the identity of any vicariously liable parties."); *see also Skadburg v. Gately*, 911 N.W.2d 786, 799 (Iowa 2018); *State v. Tipton*, 897 N.W.2d 653, 683–84 (Iowa 2017) ("The civil statute of limitations runs from the date of inquiry notice and not from the date a reasonably diligent plaintiff would

discover the actual cause of action.").  We affirm the judgment of the district court without further opinion.  *See* Iowa Ct. R. 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**